

FILED
CLERK, U.S. DISTRICT COURT

APR - 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
[WESTERN DIVISION]**

5

6

7

8

9

10

11

12

13

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>　　　Plaintiff,<br><br>v.<br><br>**WORLD TRADERS ASSOCIATION, INC., et al.**<br><br>　　　Defendants. | Case No. CV-05-591 (AHM) (Ctx)<br><br>**STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANTS SHELDON FIDLER; WORLD TRADERS ASSOCIATION, INC.; UNITED TRADERS ASSOCIATION, INC.; INTERNATIONAL MERCHANDISE GROUP, INC.; TRANS-GLOBAL CONNECTION, INC.; MUSKETEER PARTNERS, INC.; FULFILLMENT OPTIONS, INC.; INTERNATIONAL ASSOCIATES WORLDWIDE, INC.; MAGNA DELTA, LLC; AND OFFICE OPTIONS, LLC** |

14

15

16

17

18

19　　　THIS MATTER comes before the Court upon the stipulation of Plaintiff

20　Federal Trade Commission ("Commission" or "FTC") and Defendants Sheldon

21

22　Fidler; World Traders Association, Inc.; United Traders Association, Inc.;

23　International Merchandise Group, Inc.; Trans-Global Connection, Inc.; Musketeer

24　Partners, Inc.; Fulfillment Options, Inc.; International Associates Worldwide, Inc.;

25　Magna Delta, LLC; and Office Options, LLC (collectively, "Defendants").

26　　　On January 25, 2005, the FTC filed a Complaint for a Permanent Injunction

27

28　and Other Relief, including redress to consumers, pursuant to Sections 13(b) and

19(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b(a), and applied *ex parte* for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure.  The Commission charged that Defendants engaged with other named defendants in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Rule entitled Disclosure Requirements and Prohibitions Concerning Franchise and Business Opportunity Ventures (the "Franchise Rule"), 16 C.F.R. Part 436 (2004), in the marketing and sale of an alleged business opportunity to become an affiliate in a network of brokers selling surplus goods.  On January 25, 2005 — the same day the Complaint was filed — the Court issued a Temporary Restraining Order with an asset freeze, appointment of a Receiver, and other ancillary equitable relief ("TRO").  On February 22, 2005, upon stipulation of the parties, the Court entered a preliminary injunction.  In addition to continuing the relief in the TRO, the preliminary injunction contained a ban against Defendants' involvement with business ventures involving the sale or purchase of discounted or surplus goods.  On April 6, 2005, the FTC filed an Amended Complaint adding additional defendants.

The Commission and Defendants hereby stipulate to the entry of, and request the Court to enter, this Stipulated Judgment and Order for Permanent Injunction ("Final Order") to resolve all matters of dispute between them in this action, without trial or adjudication of any issue of fact or law.

//

//

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1.     This Court has jurisdiction of the subject matter of this case and jurisdiction over the Defendants.

2.     Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

3.     The activities of Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.     The Amended Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and the Franchise Rule, 16 C.F.R. Part 436 (2004).

5.     Defendants have entered into this Final Order freely and without coercion.  Defendants further acknowledge that they have read the provisions of this Final Order and are prepared to abide by them.

6.     The Plaintiff and Defendants have agreed that the entry of this Final Order resolves all matters of dispute between them arising from the Amended Complaint in this action, up to the date of entry of this Final Order.

7.     Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Final Order.  Defendants further waive and release any claims they may have against the Commission, its employees, representatives, or agents.

8.      Defendants agree that this Final Order does not entitle Defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-864 (1996), and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

9.      This Final Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

10.     Entry of this Final Order is in the public interest.

11.     This Final Order is for settlement purposes only, and does not constitute an admission by Defendants that the law has been violated as alleged in the Amended Complaint, or that the facts as alleged in the Amended Complaint, other than jurisdictional facts, are true.  However, for the purposes of bankruptcy proceedings, this Final Order is governed by Paragraph III.H.

## DEFINITIONS

1.      "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad;

2.      "Business Venture" means any written or oral business arrangement, however denominated, regardless of whether covered by the Franchise Rule or

Business Opportunity Rule, which consists of the payment of any consideration in exchange for:

      a.    the right or means to offer, sell, or distribute goods or services (regardless of whether identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

      b.    more than nominal assistance to any person or entity in connection with or incident to the establishment, maintenance, or operation of a new business or the entry by an existing business into a new line or type of business;

3.    "Franchise Rule" means the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Franchising," codified at 16 C.F.R. Part 436, or as it may be amended;

4.    "Business Opportunity Rule" means the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Business Opportunities," codified at 16 C.F.R. Part 437, or as it may be amended;

5.    "Individual Defendant" means Sheldon Fidler;

6.    "Corporate Defendants" means World Traders Association, Inc.; United Traders Association, Inc.; International Merchandise Group, Inc.; Trans-Global Connection, Inc.; Musketeer Partners, Inc.; Fulfillment Options, Inc.; International Associates Worldwide, Inc.; Magna Delta, LLC; and Office Options, LLC; individually, collectively, or in any combination;

7.    "Defendants" means the Individual and Corporate Defendants as

defined herein, individually, collectively, or in any combination;

8.     "Document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term;

9.     "Receiver" shall mean Robb Evans and Associates, the Receiver appointed by the Court in this matter over Receivership Defendants; and

10.     "Receivership Defendants" shall mean the Corporate Defendants.

**ORDER**

## I. BAN AGAINST ANY INVOLVEMENT BY DEFENDANTS IN THE OFFER OR SALE OF A BUSINESS VENTURE

**IT IS THEREFORE ORDERED** that Defendants are hereby permanently restrained and enjoined from:

A.     Advertising, marketing, promoting, offering for sale, or selling any business venture to any person;

B.     Receiving any remuneration or other consideration of any kind whatsoever from any business entity engaged in or assisting in the advertising, marketing, promoting, offering for sale, or sale of any business venture;

C.     Holding any ownership interest, share, or stock in any business entity engaged in or assisting in the advertising, marketing, promoting, offering for sale, or sale of any business venture;

      D.     Serving as an employee, officer, director, trustee, general manager of, or consultant or advisor to, any business entity engaged in or assisting in the advertising, marketing, promoting, offering for sale, or sale of any business venture;

*Provided, however,* nothing in this Section I shall prohibit Defendants from selling any good or service that is not a Business Venture.

## II. PROHIBITION AGAINST VIOLATION OF SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT

**IT IS FURTHER ORDERED** that, in connection with the offering for sale or sale of any good or service, Defendants and their agents, employees, officers, corporations, successors, assigns, and all those persons in active participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

      A.     Misrepresenting, directly or by implication, to any potential purchaser of goods or services, any material fact, including, but not limited to:

          1.     The total cost to purchase, receive, or use, and the quantity of, any goods or services that are subject to the sales offer;

          2.     Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services;

          3.     Any material aspect of the nature or terms of a refund, cancellation, exchange or repurchase policy for the goods or services; or

          4.     The income, profits, or sales volume likely to be achieved from the purchase of any goods or services; and

B.      Providing substantial assistance to any third party to make any material misrepresentation, including, but not limited to, those misrepresentations prohibited by Paragraph II.A, above.

### III.  MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Defendants are jointly and severally liable to the Commission for Thirty Million Seven Hundred Seven Thousand Dollars ($30,707,000), which the FTC alleges is the amount of injury suffered by consumers, and the FTC is awarded a monetary judgment in this amount; *provided, however,* that payment of this judgment shall be suspended subject to the conditions set forth in Paragraph IV of this Final Order; and *provided, further,* that the liability created by this judgment shall be joint and several.

B.      The judgment against the Defendants shall be satisfied by the transfer to the Commission or Receiver of all dominion, title, and control to all assets which previously have been frozen in this case, except that this transfer shall not include the Individual Defendant's homestead located at 10923 Landale St., #5, Toluca Lake, CA 91602.  The Receiver's obligation to pay any expenses for the Individual Defendant's homestead shall cease on the date of entry of this Final Order.

C.      Upon receipt by the Commission or Receiver of the assets required to be transferred pursuant to Paragraph III.B, the freeze of the assets of the Individual Defendants shall be lifted permanently and the Receiver shall release from the

1    Receivership Estate the real property commonly known as 10923 Landale St., #5,

2    Toluca Lake, CA 91602.

3            D.       Any and all funds paid pursuant to this Paragraph III or Paragraph IV

4
5    shall be deposited into a fund administered by the Commission or its agent to be

6    used for equitable relief, including, but not limited to, consumer redress and any

7    attendant expenses for the administration of any redress fund.  In the event that

8    redress to purchasers is wholly or partially impracticable, or any funds remain after

9
10   redress is completed, the Commission may apply any remaining funds to such

11   other equitable relief (including consumer information remedies) as it determines

12   to be reasonably related to Defendants' practices alleged in the Amended

13   Complaint.  Any funds not used for such equitable relief shall be deposited in the

14   United States Treasury as disgorgement.  Defendants shall have no right to contest
15
16   the manner of distribution or other disposition of funds chosen by the Commission.

17   The Commission in its sole discretion may use a designated agent to administer

18   consumer redress.

19           F.       In accordance with 31 U.S.C. § 7701, Defendants are hereby required,

20
21   unless they have done so already, to furnish to the Commission their taxpayer

22   identification numbers (Social Security numbers and employer identification

23   numbers), which shall be used for purposes of collecting and reporting on any

24   delinquent amount arising out of Defendants' relationship with the government.

25
26           G.       The Individual Defendant is further required, unless he has done so

27   already, to provide the Commission with clear, legible and full-size photocopies of

28

1    all valid driver's licenses he possesses, which will be used for reporting and

2    compliance purposes.

3         H.    Defendants agree that the facts as alleged in the Amended Complaint

4
5    filed in this action shall be taken as true in any subsequent civil litigation pursued

6    by the Commission to enforce its rights pursuant to this Final Order, including, but

7    not limited to, a nondischargeability complaint in any bankruptcy proceeding.

8                              **IV.  RIGHT TO REOPEN**

9         A.    The Commission's agreement to this Final Order is expressly

10
11   premised upon the financial condition of the Individual Defendant as represented

12   in his sworn financial statement dated January 31, 2005, and supporting documents

13   that he provided to the Commission, all of which include material information

14
15   upon which the Commission relied in negotiating and consenting to this Final

16   Order.

17        B.    If, upon motion by the Commission, this Court finds that the

18   Individual Defendant made a material misrepresentation or omitted material

19
20   information concerning his financial condition, then the Court shall lift any

21   suspension of the judgment and direct the Clerk to enter judgment against the

22   Individual Defendant in favor of the Commission for the full amount of Thirty

23   Million Seven Hundred Seven Thousand Dollars ($30,707,000).  This amount shall

24   be immediately due and payable, together with interest computed at the rate

25
26   prescribed under 28 U.S.C. § 1961, as amended, less the sum of any payments

27   previously made by Defendants pursuant to this Final Order.

28

1    C.    Any proceedings instituted under this Paragraph IV are in addition to,

2 and not in lieu of, any other civil or criminal remedies as may be provided by law,

3 including any other proceedings that the FTC may initiate to enforce this Final

4

5 Order.

6    **V. ACKNOWLEDGMENT OF RECEIPT OF ORDER**

7    **IT IS FURTHER ORDERED** that, within five (5) business days of receipt

8 of this Final Order as entered by the Court, the Individual Defendant must submit

9
to the Commission a truthful sworn statement acknowledging receipt of this Final
10

11 Order.

12    **VI. DISTRIBUTION OF ORDER BY DEFENDANTS**

13    **IT IS FURTHER ORDERED** that, for a period of five (5) years from the

14
date of entry of this Final Order, each of the Defendants shall deliver copies of this
15

16 Final Order as directed below:

17    A.    **Corporate Defendants**: Each Corporate Defendant must deliver a

18 copy of this Final Order to all of its principals, officers, directors, and managers.

19
Each Corporate Defendant also must deliver copies of this Final Order to all of its
20

21 employees, agents, and representatives who engage in conduct related to the

22 subject matter of the Final Order. For current personnel, delivery shall be within

23 five (5) days of service of this Final Order upon Defendant. For new personnel,

24
delivery shall occur prior to their assumption of their responsibilities;
25

26    B.    **Individual Defendant as Control Persons**: For any business that the

27 Individual Defendant controls, directly or indirectly, or in which he has a majority

28

ownership interest, the Individual Defendant must deliver a copy of this Final Order to all principals, officers, directors and managers of that business. The Individual Defendant must also deliver copies of this Final Order to all employees, agents and representatives of the business who engage in the offer or sale of opportunities, goods, or services for investment or income-production. For current personnel, delivery shall be within five (5) days of service of this Final Order upon the Individual Defendant. For new personnel, delivery shall occur prior to their assumption of their responsibilities;

C. **Individual Defendant as Employee or Non-Control Person**: For any business where the Individual Defendant is not a controlling person of the business but otherwise engages in the offer or sale of opportunities, goods, or services for investment or income-production, the Individual Defendant must deliver a copy of this Final Order to all principals and managers of such business before engaging in such conduct; and

D. The Individual Defendant must secure a signed and dated statement acknowledging receipt of the Final Order within thirty (30) days of delivery, from all persons receiving a copy of the Final Order pursuant to this Paragraph VI.

**VII. COMPLIANCE REPORTING BY DEFENDANTS**

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Final Order may be monitored:

A. For a period of five (5) years from the date of entry of this Final Order:

1    1.    The Individual Defendant shall notify the Commission in

2  writing of the following:

3              a.    Any changes in the Individual Defendant's residence,
4
5  mailing addresses, and telephone numbers, within ten (10) days of the date of such
6  change;

7              b.    Any changes in the Individual Defendant's employment
8
9  status (including self-employment), and any change in the ownership of the
10  Individual Defendant in any business entity, within ten (10) days of such change.
11  Such notice shall include the name and address of each business that the Individual
12  Defendant is affiliated with, employed by, creates or forms, or performs services
13  for; a statement of the nature of the business; and a statement of the Individual
14  Defendant's duties and responsibilities in connection with the business or
15
16  employment; and

17              c.    Any changes in the Individual Defendant's name, and
18  any aliases or fictitious names adopted or used by the Individual Defendant.

19    2.    The Individual and each Corporate Defendant shall notify the
20
21  Commission of any changes in the corporate structure of the Corporate Defendants
22  or any business entity that the Individual Defendant directly or indirectly controls,
23  or has a majority ownership interest in, that may affect compliance obligations
24  arising under this Final Order — including but not limited to a dissolution,
25  assignment, sale, merger, or other action that would result in the emergence of a
26
27  successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that

28

1  engages in any acts or practices subject to this Final Order; the filing of a

2  bankruptcy petition; or a change in the corporate name or address — at least 30

3  days prior to such change; provided that, with respect to any proposed change in

4
5  such a business entity about which the Defendant learns less than thirty (30) days

6  prior to the date such action is to take place, the Defendant shall notify the

7  Commission as soon as is practicable after obtaining such knowledge.

8      B.     One hundred eighty (180) days after the date of entry of this Final

9
10  Order, and each year thereafter on the same date, through and including calendar

11  year 2012, the Corporate Defendants and the Individual Defendant shall each

12  provide a written report to the FTC, sworn to under penalty of perjury, setting forth

13  in detail the manner and form in which they have complied and are complying with

14
15  this Final Order.  This report shall include, but not be limited to:

16      1.     For the Individual Defendant:

17          a.     The then-current residence address, mailing addresses,

18  and telephone numbers of the Individual Defendant;

19          b.     The then-current employment and business addresses and

20
21  telephone numbers of the Individual Defendant, a description of the business

22  activities of each such employer or business, and the title and responsibilities of the

23  Individual Defendant, for each such employer or business; and

24          c.     Any other changes required to be reported under

25
26  Paragraph VII.A of this Final Order.

27  //

28  //

2.     For all Defendants:

  a.     A copy of each acknowledgment of receipt of this Final Order, obtained pursuant to Paragraph VI of this Final Order; and

  b.     Any other changes required to be reported under Paragraph VII.A of this Final Order.

C.     For the purposes of this Final Order, the Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the FTC to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Ave., NW
> Washington, DC  20580
> Re:  *FTC v. World Traders Association, Inc.*,
>   Case No. CV 05-0591 (C.D. Cal.)

D.     For the purposes of this Paragraph VII, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom a Defendant performs services as an employee, consultant, or independent contractor.

E.     For purposes of the compliance reporting and monitoring required by this Final Order, the Commission is authorized to communicate directly with each of the Defendants.

## VIII.  RECORD-KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Final Order, in connection with any business that the Individual Defendant directly or indirectly manages, controls, or has a majority

1  ownership interest in, the Individual Defendant is hereby permanently restrained
2  and enjoined from failing to create and retain the following records:
3
4       A.    Accounting records that reflect the cost of goods or services sold,
5  revenues generated, and the disbursement of such revenues;
6       B.    Personnel records accurately reflecting:  the name, address, and
7  telephone number of each person employed in any capacity by such business,
8  including as an independent contractor; that person's job title or position; the date
9  upon which the person commenced work; and the date and reason for the person's
10 termination, if applicable;
11
12      C.    Customer files containing the names, addresses, telephone numbers,
13 dollar amounts paid, quantity of items or services purchased, and a description of
14 the items or services purchased, to the extent such information is obtained in the
15 ordinary course of business;
16
17      D.    Complaints and refund requests (whether received directly, indirectly
18 or through any third party) and any responses to those complaints or requests;
19      E.    Copies of all sales scripts, training materials, advertisements, or other
20 marketing materials disseminated by the business or the Individual Defendant to
21 any person, including e-mail and Internet web sites or web pages, relating to any
22 good, service, company or web site of the business or the Individual Defendant;
23 and
24
25      F.    All records and documents necessary to demonstrate fully the
26 Individual Defendant's compliance with each provision of this Final Order.
27
28

# IX.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Final Order,

A.      Within ten (10) days of receipt of written notice from a representative of the Commission, the Individual Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in the Individual Defendant's possession or direct or indirect control for inspection of the business operation;

B.      In addition, the Commission is authorized to monitor compliance with this Final Order by all other lawful means, including but not limited to, the following:

1.      Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

2.      Posing as consumers or suppliers to:  Defendants, their employees, or any entity managed or controlled in whole or in part by Defendants, without the necessity of identification or prior notice; and

C.      The Individual Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Final Order.  The person interviewed may

have counsel present.

*Provided, however,* that nothing in this Final Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## X.  PROHIBITIONS INVOLVING CONSUMER LISTS

**IT IS FURTHER ORDERED** that each of the Defendants is hereby permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any defendant in this action, at any time prior to entry of this Final Order, in connection with the advertising, promotion, marketing, offering for sale, or sale of any good or service; *provided, however,* that Defendants may disclose such identifying information to a law enforcement agency, or as required by any law, regulation or court order.

## XI.  COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that, so long as the Receivership remains in effect, Defendants shall cooperate fully with the Receiver in:  (a) pursuing any and all claims by the Receivership against third parties; (b) assisting the Receiver in defending any and all actions or claims brought against the Receivership by third parties; and (c) executing any documents necessary to transfer assets or ownership

interests to the Receiver pursuant to the terms of this Final Order.

## XII.  PRIOR RECEIVERSHIP POWERS

**IT IS FURTHER ORDERED** that, to the extent they are not inconsistent with this Final Order, all powers granted to the Receiver pursuant to the Court's Preliminary Injunction of February 22, 2005, shall remain in full force and effect.

## XIII.  WINDING UP OF RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that the Receiver shall liquidate all assets of the Receivership Defendants and the Receivership estate and wind up all activities and operations of Receivership Defendants and their subsidiary and affiliated entities.  Upon approval of the Court, and the Court's issuance of an Order for Final Payment, the Receiver shall transfer to the Commission or its agent all funds in the Receivership estate, less fees and expenses as allowed by the Court, toward satisfaction of the judgment entered herein.

## XIV.  COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and those he employs are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the costs of actual out-of-pocket expenses incurred by them, said compensation to come from Receivership assets held by or in the possession or control of, or which may be received by, the Receiver or Receivership Defendants.

## XV.  TERMINATION OF RECEIVERSHIP

**IT IS FURTHER ORDERED,** that the Receiver shall, if he has not already done so, file his final report and request for fees and expenses within 180 days of

the execution of this Final Order, unless good cause is shown to extend the

Receivership beyond 180 days.  The Receiver's final report and request for fees

and expenses shall be served upon the parties through counsel.  Plaintiff may

object within 15 days of receipt, but Defendants shall have no right to object.

Upon submission of the Receiver's final report or upon this Court's Order for Final

Payment, whichever is later, and subject to the terms set forth in Section XIII

herein, the Receivership shall terminate.

### XVI.  FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Final Order hereby

agrees to bear its own costs and attorneys' fees incurred in connection with this

action.

### XVII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

action for purposes of construction, modification and enforcement of this Final

Order.

### XVIII.  ENTRY OF ORDER

**IT IS FURTHER ORDERED** that there is no just reason for delay, and the

Clerk of Court is hereby directed to enter this Final Order immediately.

### XIX.  COMPLETE SETTLEMENT

The parties hereby consent to entry of this Final Order, which shall

constitute a final judgment and order in this matter.  The parties further stipulate

and agree that the entry of this Final Order shall constitute a full, complete, and

1   final settlement of this action.

2

3       **SO ORDERED**, this ⁴ᵗʰ day of April , 2008.

4

5

6                                            _____
                                             **A. HOWARD MATZ**

7                                            **United States District Judge**

8

9

10  **STIPULATED BY:**

11  **FOR PLAINTIFF:**                       **FOR DEFENDANTS:**

12

13  _Richard McKewen_____                    _____
                                             Sheldon Fidler, *pro se*

14  Richard McKewen (DC Bar # 482969)        Date:  2/29/08
    E-mail:  rmckewen@ftc.gov

15  Federal Trade Commission
    600 Pennsylvania Avenue, NW, H-286       _____

16  Washington, DC  20580                    [Name/Title]

17  Phone:  (202) 326-3071                   World Traders Association, Inc.
    Fax:  (202) 326-3395                     Date:  2/29/08

18

19  Kenneth Abbe (CA Bar #172416)            _____
    E-mail:  kabbe@ftc.gov                   [Name/Title]

20  Federal Trade Commission                 United Traders Association, Inc.

21  Western Region                           Date: 2/29/08

22  10877 Wilshire Blvd., Ste. 700
    Los Angeles, CA  90024

23  Phone:  (310) 824-4318                   _____
    Fax: (310) 824-4380                      [Name/Title]

24                                           International Merchandise Group, Inc.

25  Date: 4/2/08                             Date: 2/28/08

·26 ATTORNEYS FOR PLAINTIFF

27

28

1

2

3

**FOR DEFENDANTS (CONT'D):**

[Name/Title]
Trans-Global Connection, Inc.
Date: 2/29/08

[Name/Title]
Musketeer Partners, Inc.
Date: 2/29/08

[Name/Title]
Fulfillment Options, Inc.
Date: 2/29/08

[Name/Title]
International Associates Worldwide, Inc.
Date: 2/29/08

[Name/Title]
Magna Delta, LLC
Date: 2/29/08

[Name, Title]
Office Options, LLC
Date: 2/29/08