1
2
3
4

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA
# [WESTERN DIVISION]

FILED
CLERK, U.S. DISTRICT COURT

APR - 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

5
6
7
8
9
10
11

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. CV-05-591 AHM (Ctx) |
| **Plaintiff,** | **STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANT JUDITH TAKALA FIDLER** |
| *v.* | |
| **WORLD TRADERS ASSOCIATION, INC., et al.** | |
| **Defendants.** | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THIS MATTER comes before the Court upon the stipulation of Plaintiff Federal Trade Commission ("Commission" or "FTC") and Defendant Judith Takala Fidler ("Defendant").

On January 25, 2005, the FTC filed a Complaint for a Permanent Injunction and Other Relief, including redress to consumers, pursuant to Sections 13(b) and 19(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b(a), and applied *ex parte* for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure. The Commission charged that Defendant engaged with other named defendants in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Rule entitled Disclosure Requirements and Prohibitions Concerning Franchise and Business Opportunity Ventures (the "Franchise Rule"), 16 C.F.R. Part 436 (2004),

1    in the marketing and sale of an alleged business opportunity to become an affiliate

2    in a network of brokers selling surplus goods.  On January 25, 2005 — the same

3    day the Complaint was filed — the Court issued a Temporary Restraining Order

4    with an asset freeze, appointment of a Receiver, and other ancillary equitable relief

5

6    ("TRO").  On February 22, 2005, upon stipulation of the parties, the Court entered

7    a preliminary injunction.  In addition to continuing the relief in the TRO, the

8    preliminary injunction contained a ban against Defendant's involvement with

9

10    business ventures involving the sale or purchase of discounted or surplus goods.

11    On April 6, 2005, the FTC filed an Amended Complaint adding additional

12    defendants.

13          On October 15, 2005, the Defendant filed a voluntary petition for relief

14    under the liquidation provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C.

15

16    § 101 et seq., in the United States Bankruptcy Court for the Central District of

17    California, San Fernando Valley Division, Case No. 1:05-bk-20284-KT (the

18    "Fidler Bankruptcy Case").

19          The Commission's action against the Defendant, including the enforcement

20

21    of a judgment other than a monetary judgment obtained in this action, is not stayed

22    by 11 U.S.C. § 362(a)(1), (2), (3) or (6) because it is an exercise of the

23    Commission's police or regulatory power as a governmental unit pursuant to 11

24    U.S.C. § 362(b)(4) and thus falls within an exception to the automatic stay.

25    //

26    //

27    //

28

The Commission and Defendant hereby stipulate to the entry of, and request the Court to enter, this Stipulated Judgment and Order for Permanent Injunction ("Final Order") to resolve all matters of dispute between them in this action, without trial or adjudication of any issue of fact or law.

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1.      This Court has jurisdiction of the subject matter of this case and jurisdiction over the Defendant.

2.      Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b).

3.      The activities of Defendant are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The Amended Complaint states a claim upon which relief may be granted against Defendant under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and the Franchise Rule, 16 C.F.R. Part 436 (2004).

5.      Defendant has entered into this Final Order freely and without coercion.  Defendant further acknowledges that she has read the provisions of this Final Order and is prepared to abide by them.

6.      The Plaintiff and Defendant have agreed that the entry of this Final Order resolves all matters of dispute between them arising from the Amended Complaint in this action, up to the date of entry of this Final Order.

7.      Defendant waives all rights to seek appellate review or otherwise challenge or contest the validity of this Final Order. Defendant further waives and releases any claims she may have against the Commission, its employees, representatives, or agents.

8.      Defendant agrees that this Final Order does not entitle Defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-864 (1996), and Defendant further waives any right to attorneys' fees that may arise under said provision of law.

9.      This Final Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

10.     Entry of this Final Order is in the public interest.

11.     This Final Order is for settlement purposes only, and does not constitute an admission by Defendant that the law has been violated as alleged in the Amended Complaint, or that the facts as alleged in the Amended Complaint, other than jurisdictional facts, are true. However, for the purposes of bankruptcy proceedings, this Final Order is governed by Paragraph III.H.

**DEFINITIONS**

1.      "Assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, inventory, checks, notes, leaseholds, effects, contracts, mail or other deliveries, shares of stock, lists of

consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located, whether in the United States or abroad;

2.   "Business Venture" means any written or oral business arrangement, however denominated, regardless of whether covered by the Franchise Rule or Business Opportunity Rule, which consists of the payment of any consideration in exchange for:

     a.   the right or means to offer, sell, or distribute goods or services (regardless of whether identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

     b.   more than nominal assistance to any person or entity in connection with or incident to the establishment, maintenance, or operation of a new business or the entry by an existing business into a new line or type of business;

3.   "Fidler Bankruptcy Case" means the case commenced upon the filing of the voluntary petition by Judith Takala Fidler on October 15, 2005, for relief under the liquidation provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq., in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, Case No. 1:05-bk-20284-KT;

4.   "Franchise Rule" means the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Franchising," codified at 16 C.F.R. Part 436, or as it may be amended;

5.   "Business Opportunity Rule" means the FTC Trade Regulation Rule

titled "Disclosure Requirements and Prohibitions Concerning Business Opportunities," codified at 16 C.F.R. Part 437, or as it may be amended;

6.      "Document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term;

7.      "Receiver" shall mean Robb Evans and Associates, the Receiver appointed by the Court in this matter.

## ORDER

## I. BAN AGAINST ANY INVOLVEMENT BY DEFENDANT IN THE OFFER OR SALE OF A BUSINESS VENTURE

**IT IS THEREFORE ORDERED** that Defendant is hereby permanently restrained and enjoined from:

A.      Advertising, marketing, promoting, offering for sale, or selling any business venture to any person;

B.      Receiving any remuneration or other consideration of any kind whatsoever from any business entity engaged in or assisting in the advertising, marketing, promoting, offering for sale, or sale of any business venture;

C.      Holding any ownership interest, share, or stock in any business entity engaged in or assisting in the advertising, marketing, promoting, offering for sale, or sale of any business venture; or

D.      Serving as an employee, officer, director, trustee, general manager of, or consultant or advisor to, any business entity engaged in or assisting in the advertising, marketing, promoting, offering for sale, or sale of any business venture.

## II. PROHIBITION AGAINST VIOLATION OF SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT

**IT IS FURTHER ORDERED** that, in connection with the offering for sale or sale of any good or service, Defendant and her agents, employees, officers, corporations, successors, assigns, and all those persons in active participation with her who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

A.      Misrepresenting, directly or by implication, to any potential purchaser of goods or services, any material fact, including, but not limited to:

1.      The total cost to purchase, receive, or use, and the quantity of, any goods or services that are subject to the sales offer;

2.      Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services;

3.      Any material aspect of the nature or terms of a refund, cancellation, exchange or repurchase policy for the goods or services; or

4.      The income, profits, or sales volume likely to be achieved from the purchase of any goods or services; and

B.      Providing substantial assistance to any third party to make any material misrepresentation, including, but not limited to, those misrepresentations

prohibited by Paragraph II.A, above.

### III. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Defendant is jointly and severally liable to the Commission for Thirty Million Seven Hundred Seven Thousand Dollars ($30,707,000), which the FTC alleges is the amount of injury suffered by consumers, and the FTC is awarded a monetary judgment in this amount; *provided, however,* that payment of this judgment shall be suspended subject to the conditions set forth in this Paragraph and Paragraph IV of this Final Order; and *provided, further,* that the liability created by this judgment shall be joint and several.

B.      The judgment against the Defendant shall be satisfied by the transfer to the Commission or Receiver of all dominion, title, and control to all assets which previously have been frozen in this case, except that this transfer shall not include Defendant's homestead located at 10923 Landale St., #4, Toluca Lake, CA 91602.  The Receiver's obligation to pay any expenses for Defendant's homestead shall cease on the date of entry of this Final Order.  Further, pursuant to Section 502 of the Bankruptcy Code, 11 U.S.C. § 502, the FTC shall hold an allowed general unsecured claim in the Fidler Bankruptcy Case in the amount of $30,707,000.00 and shall be entitled to participate in any payments in the Fidler Bankruptcy Case paid on account of such allowed general unsecured claim.

C.      Upon receipt by the Commission or Receiver of the assets required to be transferred pursuant to Paragraph III.B, the freeze of Defendant's assets shall be

1    lifted permanently and the Receiver shall release from the Receivership Estate the

2    real property commonly known as 10923 Landale St., #4, Toluca Lake, CA 91602.

3

4           D.      Any and all funds paid pursuant to this Paragraph III or Paragraph IV

5    shall be deposited into a fund administered by the Commission or its agent to be

6    used for equitable relief, including, but not limited to, consumer redress and any

7    attendant expenses for the administration of any redress fund.  In the event that

8    redress to purchasers is wholly or partially impracticable, or any funds remain after

9

10    redress is completed, the Commission may apply any remaining funds to such

11    other equitable relief (including consumer information remedies) as it determines

12    to be reasonably related to Defendant's practices alleged in the Amended

13    Complaint.  Any funds not used for such equitable relief shall be deposited in the

14

15    United States Treasury as disgorgement.  Defendant shall have no right to contest

16    the manner of distribution or other disposition of funds chosen by the Commission.

17    The Commission in its sole discretion may use a designated agent to administer

18    consumer redress.

19

20           F.      In accordance with 31 U.S.C. § 7701, Defendant is hereby required,

21    unless she has done so already, to furnish to the Commission her taxpayer

22    identification numbers (Social Security numbers and employer identification

23    numbers), which shall be used for purposes of collecting and reporting on any

24    delinquent amount arising out of Defendant's relationship with the government.

25

26           G.      Defendant is further required, unless she has done so already, to

27    provide the Commission with clear, legible and full-size photocopies of all valid

28

driver's licenses she possesses, which will be used for reporting and compliance purposes.

H.      Defendant agrees that the facts as alleged in the Amended Complaint filed in this action shall be taken as true in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights pursuant to this Final Order, and further stipulates and agrees that the facts alleged in the Amended Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).  Defendant further stipulates and agrees that the Judgment ordered by this Paragraph is not dischargeable in bankruptcy and agrees to file, within ten (10) days of the date of entry of this Order, an agreed judgment in the Fidler Bankruptcy Case, substantially in the form attached hereto as Appendix A, determining that the Judgment ordered by this Paragraph, including the conditions set forth in Paragraph IV of this Order, will be nondischargeable pursuant to Section 523 of the Bankruptcy Code, 11 U.S.C. § 523.

## IV.  RIGHT TO REOPEN

A.      The Commission's agreement to this Final Order is expressly premised upon Defendant's financial condition as represented in her sworn financial statement dated January 31, 2005, and supporting documents she provided to the Commission, all of which include material information upon which the Commission relied in negotiating and consenting to this Final Order.

B.      If, upon motion by the Commission, this Court finds that Defendant

1  made a material misrepresentation or omitted material information concerning her

2  financial condition, then the Court shall lift any suspension of the judgment and

3  direct the Clerk to enter judgment against Defendant in favor of the Commission

4

5  for the full amount of Thirty Million Seven Hundred Seven Thousand Dollars

6  ($30,707,000).  This amount shall be immediately due and payable, together with

7  interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, less

8  the sum of any payments previously made by Defendant pursuant to this Final

9

10  Order.

11      C.      Any proceedings instituted under this Paragraph IV are in addition to,

12  and not in lieu of, any other civil or criminal remedies as may be provided by law,

13  including any other proceedings that the FTC may initiate to enforce this Final

14

15  Order.

16           **V.  ACKNOWLEDGMENT OF RECEIPT OF ORDER**

17      **IT IS FURTHER ORDERED** that, within five (5) business days of receipt

18  of this Final Order as entered by the Court, Defendant must submit to the

19

20  Commission a truthful sworn statement acknowledging receipt of this Final Order.

21           **VI.  DISTRIBUTION OF ORDER BY DEFENDANT**

22      **IT IS FURTHER ORDERED** that, for a period of three (3) years from the

23  date of entry of this Final Order, Defendant shall deliver copies of this Final Order

24  as directed below:

25

26      A.      **Defendant as Control Person**:  For any business that Defendant

27  controls, directly or indirectly, or in which she has a majority ownership interest,

28

Page 11 of 20

Defendant must deliver a copy of this Final Order to all principals, officers, directors and managers of that business. Defendant must also deliver copies of this Final Order to all employees, agents and representatives of the business who engage in the offer or sale of opportunities, goods, or services for investment or income-production. For current personnel, delivery shall be within five (5) days of service of this Final Order upon Defendant. For new personnel, delivery shall occur prior to their assumption of their responsibilities;

B.   **Defendant as Employee or Non-Control Person**: For any business where Defendant is not a controlling person of the business but otherwise engages in the offer or sale of opportunities, goods, or services for investment or income-production, Defendant must deliver a copy of this Final Order to all principals and managers of such business before engaging in such conduct; and

C.   Defendant must secure a signed and dated statement acknowledging receipt of the Final Order within thirty (30) days of delivery, from all persons receiving a copy of the Final Order pursuant to this Paragraph VI.

## VII. COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Final Order may be monitored:

A.   For a period of three (3) years from the date of entry of this Final Order:

1.   Defendant shall notify the Commission in writing of the following:

1         a.  Any changes in Defendant's residence, mailing

2  addresses, and telephone numbers, within ten (10) days of the date of such change;

3         b.  Any changes in Defendant's employment status

4
5  (including self-employment), and any change in the ownership of Defendant in any

6  business entity, within ten (10) days of such change.  Such notice shall include the

7  name and address of each business that Defendant is affiliated with, employed by,

8
9  creates or forms, or performs services for; a statement of the nature of the business;

10  and a statement of Defendant's duties and responsibilities in connection with the

11  business or employment; and

12         c.  Any changes in Defendant's name, and any aliases or

13  fictitious names adopted or used by Defendant.

14         2.  Defendant shall notify the Commission of any changes in the

15
16  corporate structure of any business entity that Defendant directly or indirectly

17  controls, or has a majority ownership interest in, that may affect compliance

18  obligations arising under this Final Order — including but not limited to a

19  dissolution, assignment, sale, merger, or other action that would result in the

20
21  emergence of a successor entity; the creation or dissolution of a subsidiary, parent,

22  or affiliate that engages in any acts or practices subject to this Final Order; the

23  filing of a bankruptcy petition; or a change in the corporate name or address — at

24  least 30 days prior to such change; provided that, with respect to any proposed

25
26  change in such a business entity about which Defendant learns less than thirty (30)

27  days prior to the date such action is to take place, Defendant shall notify the

28

1 Commission as soon as is practicable after obtaining such knowledge.

2     B.    One hundred eighty (180) days after the date of entry of this Final

3 Order, and each year thereafter on the same date, through and including calendar

4

5 year 2010, Defendant shall provide a written report to the FTC, sworn to under

6 penalty of perjury, setting forth in detail the manner and form in which she has

7 complied and is complying with this Final Order.  This report shall include, but not

8 be limited to:

9

10         1.    The then-current residence address, mailing addresses, and

11             telephone numbers of Defendant;

12         2.    The then-current employment and business addresses and

13             telephone numbers of Defendant, a description of the business

14

15             activities of each such employer or business, and Defendant's

16             title and responsibilities; and

17         3.    A copy of each acknowledgment of receipt of this Final Order,

18             obtained pursuant to Paragraph VI of this Final Order; and

19         4.    Any other changes required to be reported under Paragraph

20             VII.A of this Final Order.

21

22     C.    For the purposes of this Final Order, Defendant shall, unless otherwise

23 directed by the Commission's authorized representatives, mail all written

24 notifications to the FTC to:

25         Associate Director for Enforcement
26         Federal Trade Commission
27         600 Pennsylvania Ave., NW

28

Washington, DC  20580

Re:   *FTC v. World Traders Association, Inc.,*
Case No. CV 05-0591 (C.D. Cal.)

D.      For the purposes of this Paragraph VII, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom Defendant performs services as an employee, consultant, or independent contractor.

E.      For purposes of the compliance reporting and monitoring required by this Final Order, the Commission is authorized to communicate directly with Defendant.

## VIII.  RECORD-KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Final Order, in connection with any business that Defendant directly or indirectly manages, controls, or has a majority ownership interest in, Defendant is hereby permanently restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.     Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and a description of the items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.     Copies of all sales scripts, training materials, advertisements, or other marketing materials disseminated by the business or Defendant to any person, including e-mail and Internet web sites or web pages, relating to any good, service, company or web site of the business or Defendant; and

F.     All records and documents necessary to demonstrate fully the Defendant's compliance with each provision of this Final Order.

## IX.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Final Order,

A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control for inspection of the business operation;

B.     In addition, the Commission is authorized to monitor compliance with

1 this Final Order by all other lawful means, including but not limited to, the

2 following:

3       1.      Obtaining discovery from any person, without further leave of

4
5 court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

6 and

7       2.      Posing as consumers or suppliers to:  Defendant, her

8
9 employees, or any entity managed or controlled in whole or in part by Defendant,

10 without the necessity of identification or prior notice; and

11    C.      Defendant shall permit representatives of the Commission to

12 interview any employer, consultant, independent contractor, representative, agent,

13 or employee who has agreed to such an interview, relating in any way to any

14
15 conduct subject to this Final Order.  The person interviewed may have counsel

16 present.

17    *Provided, however,* that nothing in this Final Order shall limit the

18 Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of

19 the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible

20
21 things, testimony, or information relevant to unfair or deceptive acts or practices in

22 or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

23    **X. PROHIBITIONS INVOLVING CONSUMER LISTS**

24    **IT IS FURTHER ORDERED** that Defendant is hereby permanently

25 restrained and enjoined from selling, renting, leasing, transferring, or otherwise

26
27 disclosing the name, address, telephone number, credit card number, bank account

28

number, e-mail address, or other identifying information of any person who paid any money to any defendant in this action, at any time prior to entry of this Final Order, in connection with the advertising, promotion, marketing, offering for sale, or sale of any good or service; *provided, however*, that Defendant may disclose such identifying information to a law enforcement agency, or as required by any law, regulation or court order.

## XI.  COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that, so long as the Receivership remains in effect, Defendant shall cooperate fully with the Receiver in:  (a) pursuing any and all claims by the Receivership against third parties; (b) assisting the Receiver in defending any and all actions or claims brought against the Receivership by third parties; and (c) executing any documents necessary to transfer assets or ownership interests to the Receiver pursuant to the terms of this Final Order.

## XII.  FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Final Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## XIII.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of construction, modification and enforcement of this Final Order.

//
//

# XIV. ENTRY OF ORDER

**IT IS FURTHER ORDERED** that there is no just reason for delay, and the Clerk of Court is hereby directed to enter this Final Order immediately.

# XV. COMPLETE SETTLEMENT

The FTC and Defendant hereby consent to entry of this Final Order, which shall constitute a final judgment and order in this matter. The FTC and Defendant further stipulate and agree that the entry of this Final Order shall constitute a full, complete, and final settlement of this action.

**SO ORDERED,** this 3rd day of April, 2008.

_____
**A. HOWARD MATZ**
**United States District Judge**

**STIPULATED BY:**

**FOR PLAINTIFF:**

_Richard McKewen_
Richard McKewen (DC Bar # 482969)
E-mail: rmckewen@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
Phone: (202) 326-3071
Fax: (202) 326-3395

**FOR DEFENDANT:**

_Judith Takala Fidler_
Judith Takala Fidler, *pro se*

Date: 2-22-08

Kenneth Abbe (CA Bar #172416)
E-mail: kabbe@ftc.gov
Federal Trade Commission
Western Region
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA  90024
Phone:  (310) 824-4318
Fax:  (310) 824-4380

Date:  4/2/08

ATTORNEYS FOR PLAINTIFF

1  WILLIAM BLUMENTHAL
   General Counsel
2

3  JULIE A. MACK
   Federal Trade Commission
4  600 Pennsylvania Avenue, N.W.
   Mail Drop - NJ-2122
5  Washington, D.C. 20580
   Tel.:   (202) 326-2312
6  Fax:    (202) 326-2558
7  Email:  jmack@ftc.gov

8  KENNETH H. ABBE (CA Bar #172416)
   Federal Trade Commission
9  10877 Wilshire Blvd., Ste. 700
   Los Angeles, California 90024
10 Tel.:   (310) 824-4343
   Fax:    (310) 824-4380
11 E-Mail: kabbe@ftc.gov
12

13 Attorneys for Creditor and Party In Interest
   FEDERAL TRADE COMMISSION
14

15                IN THE UNITED STATES BANKRUPTCY COURT
                     CENTRAL DISTRICT OF CALIFORNIA
16                     SAN FERNANDO VALLEY DIVISION

17 IN RE:                              ) Case No. 1:05-bk-20284-KT
                                       ) Chapter 7
18 JUDITH TAKALA FIDLER,               )
                                       )
19          Debtor.                    )
                                       )
20 ─────────────────────────────────  )
   FEDERAL TRADE COMMISSION,           ) Adv. Pro. No. _____
21                                     )
            Plaintiff,                 ) STIPULATED JUDGMENT FOR
22                                     ) NONDISCHARGEABILITY OF DEBT
            v.                         ) OWED TO THE FEDERAL TRADE
23                                     ) COMMISSION
   JUDITH TAKALA FIDLER,               )
24                                     ) (NO HEARING REQUIRED)
            Debtor.                    )
25                                     )
26 ─────────────────────────────────  )

27       IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES

28 through their respective attorneys of record as follows:

                              Page 1 of 4                      **Appendix A**

Plaintiff, the Federal Trade Commission (the "FTC"), through its undersigned attorneys, filed a Complaint to Determine Nondischargeability of Debt under Section 523 of the Bankruptcy Code, 11 U.S.C. § 523. Defendant Judith Takala Fidler, the Debtor herein (the "Debtor"), agrees that the facts alleged in the Complaint are true and agrees to the entry of this Stipulated Judgment for Nondischargeability, as follows:

Findings

1.   This Court has subject matter jurisdiction over this Stipulated Judgment for Nondischargeability pursuant to 28 U.S.C. §§ 157 and 1134, and 11 U.S.C. § 523.

2.   Venue in the Central District of California is proper under 28 U.S.C. § 1409(a).

3.   This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4.   This Adversary Proceeding relates to *In re Judith Takala Fidler*, Case No. 1:05-bk-20284-KT (Bankr. C.D. Cal.) (Chapter 7), now pending in this Court. The FTC is an unsecured creditor with a claim against the Debtor pursuant to a Stipulated Judgment and Order for Permanent Injunction as to Defendant Judith Takala Fidler (the "Stipulated Judgment") entered by the United States District Court for the Central District of California in the case *FTC v. World Traders Association, Inc.*, Case No. CV-05-591 AHM (Ctx) (the "Enforcement Action").

5.   The Stipulated Judgment includes equitable monetary relief in favor of the FTC against the Debtor in the amount of $30,707,000.00, the amount of consumer injury alleged in the FTC's complaint. Based upon financial statements and supporting documents provided by the Debtor to the FTC, the District Court conditionally suspended the monetary portion of the Stipulated Judgment. The suspension of the monetary portion of the Stipulated Judgment may be terminated should the District Court determine, upon motion by the Commission, that the

Debtor failed to disclose any material asset, or made any other material misrepresentation or omission in certain financial statements and supporting documents provided to the Commission. A copy of the Stipulated Judgment is attached hereto and incorporated herein as Exhibit 1.

6.   The FTC and the Debtor agree to resolve this Adversary Proceeding without litigation and they stipulate and agree that the Stipulated Judgment owing to the FTC by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

### Order

7.   Judgment is hereby entered in favor of the FTC and against the Debtor/Defendant, Judith Takala Fidler, determining that the Stipulated Judgment entered in the Enforcement Action is nondischargeable in the amount of $30,707,000.00 pursuant to 11 U.S.C. § 523(a)(2)(A), which judgment is conditionally suspended subject to the Commission's right to file a motion in the District Court for the termination of the suspension of the Stipulated Judgment in accordance with the terms of Paragraph IV of the Stipulated Judgment.

8.   All other provisions of the Stipulated Judgment in the Enforcement Action, including the injunctive provisions, remain in full force and effect.

//

//

//

//

//

//

9.     The persons executing this Stipulated Judgment for Nondischargeability acknowledge they have authority to bind the parties to this Adversary Proceeding.

**SO STIPULATED:**

_____
David A. Tilem
206 North Jackson Street
Suite 201
Glendale, CA 91206
Telephone: (818) 507-6000
Facsimile:  (818) 507-6800
Email:  davidtilem@tilemlaw.com
(Counsel for the Debtor)

_____
Julie A. Mack
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C.  20580
Telephone: (202) 326-2312
Facsimile: (202) 326-2558
Email:  jmack@ftc.gov
(Counsel for the Federal Trade Commission)

**SO ORDERED** this _____ day of _____, 2008, by the United States Bankruptcy Court for the Central District of California.

_____
United States Bankruptcy Judge